MITCHELL *v.* ORR.

(*Knoxville.* September 28, 1901.)

GAMING. *Loser may recover lost money, when.*

By statute, though not at common law, the loser may recover back money wagered, lost, and paid upon the result of a primary election.

Code construed: §§ 3159, 3161 (S.); §§ 2438–2440 (M. & V.); §§ 1769–1771 (T. & S.).

Cases cited: Whiteside v. Ex. of Tabb. Cooke, 384; Porter *v.* Jones, 6 Cold., 324; Stanford *v.* Howard, 103 Tenn., 29; Allen *v.* Dodd, 4 Hum., 133; Smith *v.* Stephens, 5 Sneed, 254; Williams *v.* Taliaferro, 1 Cold., 39; McGrew *v.* City Produce Exchange, 85 Tenn., 572; Bell v. State, 5 Sneed, 507; Eubanks *v.* State, 3 Heis., 488.

FROM CARTER.

Appeal in error from Circuit Court of Carter County. GEORGE E. BOREN, Sp. J.

JOHN H. TIPTON and W. D. HUNTER for Mitchell.

SIMERLY & ALLEN and GREEN & SHIELDS for Orr.

WILKES, J. This is an action to recover $300 lost and paid on a wager upon the result of a primary election in Carter County. There is no

question of the statute of limitations involved and no contest over the facts, they being agreed to. There was a trial before a special Judge in the Court below, and the plaintiff was denied the right to recover back the money, and he has appealed and assigned errors.

The only question involved is whether money wagered, lost, and paid over upon the result of a primary election can be recovered by the losing party. It is conceded that at common law it could not be. *Whiteside* v. *Ex. of Tabb. Cooke,* 384; *Porter* v. *Jones,* 6 Cold., 324; *Stanford* v. *Howard,* 19 Pickle, 29. If any recovery can be had, it must be under and by virtue of our statutes.

Shannon, § 3159 provides, "All contracts founded in whole or in part on a gambling or wagering consideration shall be void to the extent of such consideration." Section 3161 provides, "Moreover, any person who has paid any money or delivered anything of value lost upon any game or wager may recover such money, thing, or its value, by action commenced within ninety days from the time of such payment or delivery."

These sections are taken from the Acts of 1799, Ch. 8, and are in substance the provisions of that Act. It is held in a number of cases that wagering upon an election is not embraced by these statutes, and that money lost in betting on legal elections could not be recovered by the losing party. *Allen* v. *Dodd,* 4 Hum., 133; *Smith* v. *Stephens,* 5

Sneed, 254. But in *Williams* v. *Talliaferro*, 1 Cold., 39, it was said: "By our statute betting on elections is declared to be gaming," and the Court held that the losing party might recover back land lost and conveyed as the result of a wager on an election, and likewise his creditors could recover in his right, or upon the idea that as against the creditors of the loser the conveyance must be treated as voluntary and fraudulent. These cases all have reference, however, to legal elections held under authority of law, and do not in terms and were not intended to embrace primary elections held by consent to determine the choice of a party as to who should be its candidate in the regular election. We do not think it necessary to determine whether there is, in the sense of these laws and decisions, any difference between legal elections and primary elec-tions. The question is presented whether the hazard, of money upon the result of a primary election comes within the letter and spirit of the Acts to which we have referred, so as to authorize a re-covery of the money paid.

We think the case of *McGrew* v. *City Produce Exchange*, 1 Pickle, 572, is, in point and on prin-ciple, conclusive. In that case it is said: "The plain language (of the statute) is that money lost upon any game or wager may be recovered."

"Mr. Bouvier defines a wager to be a contract by which two parties or more agree that a certain sum of money, or other thing, shall be paid or

delivered to one of them on the happening or non-happening of an uncertain event." Again: "It is now settled in this State that gaming is not confined to playing at any game of hazard or address for money, etc., in the ordinary sense of these words as used in § 6804 of Shannon's Code, but it is any agreement between two or more persons to risk money or property on a contest or chance of any kind, when one must be gainer and the other loser," citing *Bell* v. *State*, 5 Sneed, 507; *Eubanks* v. *State*, 3 Heis., 488, 490. . . . "It matters not what the unlawful device is upon which the money is received as a hazard, it is gaming," and, we add, if there is no unlawful device, but the hazard is upon the result of a lawful, but uncertain, event by which one will lose and the other gain, it is gaming.

Hence this Court held in the case of *McGrew* v. *City Produce Exchange*, 1 Pickle, 572, that dealing in futures was gaming, and came under the provisions of the statute, and the losing party was entitled to recover. We cannot give to the statute the narrow construction that, in order to constitute "gaming" and "wagering," there must be the hazard of money or property upon some game or device which is instituted or prosecuted in order to determine the hazard. That is one form of gaming or wagering, but under our laws it is not now confined to such narrow limits. In this case there was a wager of money upon an uncertain event—that is,

a contest between two persons as to which should be the candidate of his party at a legal election to be held after the primary. It is called an election, but it may as well have been called a selection or a test, or a designation, and the wager might as well have been upon the result of a convention or mass meeting. In any event the result was uncertain, and upon this uncertainty the hazard was based, and we are of opinion it falls within the provisions of the statute and is controlled by the cases in 1 Cold. and 1 Pickle referred to, and the plaintiff is entitled to recover the amount paid. But we think it is a case where, in our discretion, we may refuse interest, and we, therefore, allow no interest.

The judgment of the Court below is reversed and judgment for plaintiff will be entered here for the $300, and all costs, but no interest.