## YOUNG *v.* STATE.

### (*Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

E. B. Baker, of Chattanooga, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice DeHaven delivered the opinion of the Court.

Herbert Young, in the first of the two cases presented, was arrested upon a State warrant charging him with the offense of "Keeping Gaming House." He was bound over by the City Judge of Chattanooga to the Criminal Court of Hamilton County, the amount of his bail bond being fixed at $1,000. Nancy E. Townsend became surety on his bond, which in terms required that Herbert Young make his appearance on the first Monday in December, 1937, before the criminal court, and "Then and there to answer the charge of the State of Tennessee, pending against him by warrant for Keeping Gaming House and not depart the court without leave."

In the second case, the warrant charged Herb Young with the offense of "(Gaming) Unlawfully and feloniously gaming at craps at a common gaming house." He was bound over to the Criminal Court of Hamilton County and his bail bond fixed at $250. The conditions of the bond were similar to those stated in the bond in the first case above mentioned. Nancy E. Townsend became surety on this bond.

When the cases were presented to the grand jury, indictments were returned against Young and charged him in the first case with feloniously keeping and having under his control and management a room, hall or house, "for the purpose of encouraging, promoting, aiding and assisting in bets and wagers upon horse races for a thing of value," etc. The indictment in the second case charged Young with feloniously keeping a room, hall or house, "for the purpose of encouraging, promoting, aiding and assisting the playing of a certain gambling game of craps, the same being a game of hazard or chance," etc.

The principal in the bonds made default when called upon to answer the indictments, and thereupon *scire facias* was duly issued against the surety, Nancy E. Townsend, to show cause why the conditional judgment should not be made final.

By answer to the *scire facias* the surety insisted in each case that the principal in the bond had been bound over to answer a charge which was a misdemeanor, but that the grand jury had returned an indictment in each case charging the principal with a felony, and for this reason the surety was released on the bond. It was further insisted, in the second case, in which the principal's name was signed to the bond as "Herb Young," that the surety was released because the indictment was against "Herbert Young."

The trial judge overruled these defenses, and rendered final judgments on the bonds. The surety, Nancy E. Townsend, has appealed to this court and assigned errors.

It is insisted on behalf of the appellant surety, in the first case, that she signed a bond in the amount of $1,000,

conditioned that the principal would appear in the criminal court to answer a charge pending against him by warrant for the offense of "Keeping Gaming House," a misdemeanor "based on section 11277 of the Code," but that the grand jury returned an original presentment against him for an entirely separate and distinct offense that is a violation of sections 11289 and 11290 of the Code.

■■ Section 11289 of the Code makes it unlawful for any person to keep or have under his control or management any room, hall, or house, or any other place, for encouraging, promoting, aiding or assisting in any betting on any horse race. Section 11290 provides that a violation of the preceding section to be a felony. Betting on a horse race is gaming. Code section 11288; *Brown* v. *State*, 88 Tenn., 566, 13 S. W., 236; *Edwards* v. *State*, 76 Tenn. (8 Lea), 411; *State* v. *Smith*, 10 Tenn. (2 Yerg.), 272. Hence, a room, hall or house where betting on horse races is promoted is a gaming house.

Section 11277 of the Code makes the keeping of a gambling house a misdemeanor, except as provided in the next section. Appellant assumes that the warrant charging Young with "Keeping Gaming House" was based on section 11277. There is nothing in the warrant, or the bond, to warrant this assumption. The charge could as well be related to section 11289, under which Young was indicted.

■ In the second warrant, Young was charged, as heretofore stated, with "unlawfully and feloniously gaming at craps at a common gaming house." Section 11275 of the Code provides:

"If any person play at any game of hazard or address for money or other valuable thing, or make any bet or

wager for money or other valuable thing, he is guilty of a misdemeanor."

The grand jury, however, indicted Young under section 11278 of the Code for the offense of keeping a room, table, etc., for the purpose of promoting, aiding or assisting the playing of the game of craps, which is a felony without degree.

All of the sections of the Code heretofore mentioned, together with other sections dealing with gambling of various sorts, and the keeping of gambling houses, are found under Article XIV, Part IV, of the Code, entitled "Gaming," and fall within that general subject. Hence, it cannot be maintained that the various sections under this title are unrelated in character or class. The situation is unlike that in *State of Iowa* v. *Brown,* 16 Iowa, 314, 319, 320, a case relied on by appellant, where it was said, in part:

"There is not necessarily any relation between grand larceny and the crime of burglary; nor does the absolute guilt of the former raise any implication or suspicion of guilt as to the latter. The two crimes are not different degrees of the same class, but they are of different classes of crime. The penalties are not only different, but the two crimes are treated of in our statute under different classes, and in separate chapters. There is no averment in the petition tending to identify the two crimes as one, or to show that the charge of burglary had any connection whatever with that of grand larceny. Under such circumstances, the court would not be justified in holding bail, who had become responsible for the appearance of an accused, to answer a certain charge, also responsible for his appearance to answer another and different charge, even in the same court."

474

The rule, supported by some authority, relied on by appellant, to the effect that the bail is not liable for failure of their principal to appear and answer to an indictment for an offense of an entirely different character or class from that mentioned in their obligation (8 C. J. S., 160, Bail, section 82), has no application to the instant case, because the offense mentioned in the two warrants and in the indictments are of a kindred class, as above pointed out.

█ The contention is made in the second case that appellant was released from the bond because the name of the accused signed thereto appeared as "Herb Young" and that the indictment was against "Herbert Young." We see no merit in this contention. It does not appear that the surety was misled by the abbreviation of "Herbert" to "Herb" in the warrant.

Upon consideration of all of the assignments of error, we find them to be without merit. The result is that the judgment of the trial court, in each case, must be affirmed. Appellant will pay all the costs of this court.