TOWN OF CENTERVILLE *v.* BURNS.

(*Nashville,* December Term, 1938.)

Opinion filed April 1, 1939.

J. R. BROWN and LOGAN BEASLEY, both of Centerville, for plaintiff in error.

Robt. P. Brown* and Douglas T. Bates, both of Centerville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Burns conducts a drug store in Centerville. He was fined $5 by the Town Recorder on the charge of violating a town ordinance making it unlawful "to be in possession of, own, operate, and/or control any slot machine or other paraphernalia used in or in any way connected with any gaming or gambling device." The Circuit Judge reversed and dismissed the prosecution. The Town appeals.

The case was heard on a stipulation which recited that the defendant maintained in his drug store "a machine in the nature of a miniature mechanical baseball game for the entertainment and amusement of the public and profit of the defendant. This machine did not pay off mechanically or otherwise; however, defendant paid to the player making the highest score each day a prize of two dollars ($2.00). Players are unrestricted except that defendant excludes minors. Record is not kept of all players, but is kept of those making high scores. In order to play the game a party must deposit one nickel in a slot which releases certain mechanisms and enables play of the game. The game itself involves an element of timing which when mastered partially by a player causes him to be more adept at the game."

An illustration is exhibited of this ball game machine, showing a miniature diamond with players distributed thereon. The trial Judge found "that the machine in question is a Mechanical Baseball Machine and that it

---

*Died before disposition of case.

does not pay off mechanically or otherwise, and that no token of money is paid by the defendant to the party playing the same except that $2.00 per day is paid to the party winning the highest score on said machine in said day and the Court is of further opinion and doeth so find that said operation of said machine in the form and manner set out in the 'Stipulations of facts,' is not a violation of the law nor does it violate said Ordinance of said Town of Centerville, No. 163, which is made a part of the 'Stipulations of Facts,' in this case."

We concur in this finding. What is or is not gambling, or a gaming device, has been much debated. The decisions generally have not been uniform and this Court has not always agreed. See dissent in *Painter* v. *State*, 163 Tenn., 627, 45 S. W. (2d), 46, 81 A. L. R., 173. This case and *State ex rel. District Attorney-General* v. *Crescent Amusement Co.*, 170 Tenn., 351, 95 S. W. (2d), 310, are cited and invoked on the briefs, but neither is in point here. The latter dealt with "Bank night" in connection with picture shows, and in the former a slot machine was held by the majority opinion to be a gaming device, the machine itself yielded up a varying return for the nickel deposit determined by chance. Here the machine itself yields nothing but whatever pleasure the player gets from watching the movements of the ball. The element of chance essential to gambling is wanting so far as the device is concerned.

But granting that the machine is not of itself a gaming device, is it "used in or connected with any gaming or gambling device," contrary to the ordinance? Is the award by the owner of a daily prize to the winner of the highest baseball score such a use? The offering and awarding of a fixed prize to the winner of a game is not

438

commonly accounted gambling. Conceding that it may be gambling where the issue is determined wholly by chance—without any element of skill or effort, this situation is not presented here according to the stipulation, which expressly provides that, "the game itself involves an element of timing, which when mastered partially by a player causes him to be more adept at the game." This is inconsistent with pure chance, as in the throwing of dice from a box.

Bouvier defines gaming "as a staking on chance where chance is the controlling factor." As already shown, the stipulation is that skill enters into this game, in what proportion is not shown.

Moreover, the approved definition of gambling quite generally provides that the play, plan or game shall be one of chance by which one will lose and the other will gain—what the one loses. So said this Court in *Mitchell* v. *Orr*, 107 Tenn., 534, 64 S. W., 476, cited in *State ex' rel.* v. *Crescent Amusement Co., supra.* This definition is not apparently met here. It does not appear that one loses the nickel he pays for the privilege of knocking the ball over this miniature field. He gets what he pays for, that is, whatever satisfaction he may derive from trying his skill at timing the lever movement so as to throw the ball here or there, and in watching the response on the board. This consideration may be slight, but it is as great, perhaps, as that derived from many another nickel investment, and equals in substance and permanence the return from many much larger investments.

In conclusion, we find ourselves in accord with the judgment of the trial Judge on the further ground that the alleged infraction of the law is not only along the

border line of uncertainty, as we have indicated, but is at the most comparatively slight. We think what was said by Chief Justice GREEN in his brief dissent in the *Painter Case, supra* [163 Tenn., 627, 45 S. W. (2d), 48], has application here (as, perhaps, after all, it did there!) :

"It is a familiar maxim that the law does not care for trifles. If the rationale of the opinion of the majority be conceded, nevertheless it seems that the attention of the courts and the law officers of the state, in these times, should not be absorbed with such minor infractions. With no showing herein of attendant evils, I think there is not enough of substance in the charge to justify the prosecution, and Judge COOK concurs in this view."

Let the judgment be affirmed.