VANN *v.* STATE.

(*Knoxville,* September Term, 1940.)

Opinion filed October 12, 1940.

JENNINGS & O'NEIL and H. F. JARVIS, all of Knoxville, and W. B. LADD, of Kingston, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The indictment returned against plaintiff in error, Jake Vann, on February 1, 1939, contained two counts. The first count charged that on the 10th day of February, 1938, defendant "did unlawfully exhibit, keep and pos-

sess a certain gambling device or machine for the enticement of persons to play with and gamble on for good and lawful money of the United States of America or other valuable property.'' The second count charged that defendant on the day and year aforesaid, ''did unlawfully possess, keep, let, hire, rent, lease, aid and promote furnish and supply certain gambling devices for the enticement of persons to play with and gamble on for good and lawful money'' etc.

On the trial of the case, the court directed the jury not to consider the second count. Defendant was found guilty under the first count of the indictment and his punishment was fixed by the jury at a fine of $275. He has appealed to this court and assigned errors.

It appears from the record that more than six months prior to his indictment, but within twelve months thereof, defendant placed a number of slot machines in various resorts in Anderson County.

Section 11484 of the Code provides: ''All prosecutions for misdemeanors, shall be commenced within twelve months next after the offense has been committed, except gaming, which shall be commenced within six months.''

The first count of the indictment is based on section 5250 of the Code, which is as follows: ''No person shall have in his possession any gambling table or any device whatever for the enticement of any person to gamble.''

It is the theory of defendant that the offense defined in section 5250 is barred in six months, under the last clause of section 11484. On the other hand, the State insists that the period of limitation for prosecution based on section 5250 is twelve months, under the first clause of section 11484.

The next section of the Code following section 5250 (section 5251) provides as follows: ''It is declared to be

the duty of every judge, justice of the peace, sheriff, and constable to apprehend, or cause to be apprehended, any person known to him, upon his own view or upon information, to be guilty of this offense, and to commit him or cause him to be committed to jail, to await his trial at the next succeeding court having cognizance of the offense of gaming.''

Neither section 5250 nor 5251 fixes any punishment for a violation of the provisions thereof. The accused, it is provided, is to be committed to jail ''to await his trial at the next succeeding court having cognizance of the offense of gaming.'' Article XIV, chapter X, Title 1, Part IV of the Code (sections 11275, 11276) deals with the offense of ''Gaming''—and by section 11282 provides the punishment for any person convicted for having in his possession ''any gambling table or other device for the enticement of any person to play or gamble at.'' Nowhere in the chapter on ''Gaming'' is it made an offense for a person to have in his possession any gambling table or other device for the enticement of any person to gamble. The punishment alone is fixed for the offense. Section 5250 creates the offense. That the Legislature intended the offense should be classified as ''gaming'' is apparent from the provisions of section 5251, wherein it is provided, among other things, that the accused is to await his trial at the next succeeding court having cognizance of the offense of gambling. Being thus classified as gambling, the period of limitation for the prosecution of such offense (six months) necessarily applies.

The result is that the judgment of the trial court must be reversed and the case dismissed.