CLEEK *v.* STATE.

(*Knoxville,* September Term, 1949.)

Opinion filed December 12, 1949.

BURKETT C. McINTURFF, of Kingsport, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The principal question made by Cleek's assignments of error is that "there is no evidence to support the verdict" finding him guilty of "gaming", for which he was assessed a fine of $50.00.

The first of the two counts in the indictment charged Cleek with unlawfully keeping or exhibiting described "devices" for gaming, an act made a misdemeanor by Code Section 11276. The second count charged him with unlawfully having in his possession specified devices "for the enticement" of persons to gamble, an act prohibited by Code Section 5250. The maximum punish-

ment for the violation of 11276 is greater than that for the violation of 5250. See Code Sections 10756 and 11276, respectively.

All the evidence upon which Cleek was convicted of "gaming" is that while two officers were legally within the residence of Cleek unsuccessfully searching for whiskey they happened to see without trespass on top of some article in one of the rooms a punch board, some tip boards and baseball tickets. These are devices for gaming. The question is whether this is substantial evidence of "gaming"?

■ Gaming "is any agreement between two or more persons to risk money or property on a contest or chance of any kind, when one must be gainer, and the other loser. . . . . It matters not what the unlawful device is upon which the money is received as a hazard, it is gaming." *Mitchell* v. *Orr*, 107 Tenn. 534, 537, 64 S. W. 476.

■ In the text of 24 American Jurisprudence, page 420, it is said that "the term 'device', as that term is generally employed in such statutes, is meant the tangible means, instrument, contrivance, or thing with or by which money may be lost or won, as distinguished from the game itself", citing a number of authorities in support. The good sense of that statement, as a matter of sound principle, cannot be convincingly disputed.

■ Our statutes which deal with gambling are found principally under Article XIV of our Code commencing with Section 11275 under the title "Gaming". All the sections of that article "fall within that general subject" of "gaming". *Young* v. *State*, 173 Tenn. 467, 473, 121 S. W. 2d 533, 534. Code Section 5250 (the second count of this indictment) is likewise brought under Article XIV

because the punishment for violation of that section is fixed by Section 11282, which is under Article XIV. *Vann v. State,* 176 Tenn. 433, 435, 143 S. W. 2d 306. More specifically then, the question here is whether the mere possession in a residence of a device *for* gaming will support a verdict *of* gaming merely because in the Code Article entitled ''Gaming'' there is a section (11276) which makes it a misdemeanor to ''keep . . . any . . . device for gaming''. If this theory is not sound, then there is no evidence to support this verdict finding Cleek guilty of ''gaming''.

Article XIV of the Code deals not only with actual gaming, but also contains sections intended to prevent opportunities for actual gaming; this, by making it an offense to furnish a place where gaming is intended to be carried on, or a device with which to indulge in gambling. Under this article is a section providing the character of punishment to one who wounds or kills an officer, while the latter is seeking to arrest the former on a charge of gaming. The maximum punishment for some of the misdemeanors under this article is different from that prescribed for others; and, the prescribed punishments for felonies under this article are different, of course, from those prescribed for the misdemeanors mentioned.

The mere statement of the wide assortment of laws in Article XIV designed to prevent gaming as well as to punish for gaming requires the conclusion that its title ''gaming'' is by no means sufficient of itself to justify a verdict of ''gaming'' if, in fact, the particular misdemeanor or felony under Article XIV committed by the defendant is not gaming.

306

■ It must be concluded, therefore, that the mere possession by Cleek in his residence of a device for gaming was not sufficient evidence to justify this verdict finding him. guilty of "gaming". The assignment of error so asserting is sustained.

Reversed and remanded.

All concur.