Totten, J.
delivered the opinion of the court.
The case is an issue of devisavit vel non, on a script propounded as the will of Herron Brewer, deceased, and the verdict being in favor of the instrument as a will, the contestant has appealed in error to this court.
And now it is insisted that there is error in the record, because the verdict is against the weight of evidence; and, second, because competent and material evidence was rejected by the court.
The principal question of fact discussed before the jury, related to the state of the testator’s mind at the time he made the will. The evidence adduced to support the will, is, apparently, very ample to prove, that he had sufficient mind and capacity to make a valid disposition of his estate.
This, however, is strongly contested by a weight of evidence on the other side, tending to prove a groundless and unreasonable hatred and malevolence of the testator towards his wife and his son, the contestant, for whom he made little or no provision in his will. And it was insisted, cind is here in *566 sisted, that he was insane in reference to his family and the disposition of his estate, whatever might have been the state and condition of his mind on other subjects. The jury, under a very full and distinct charge, to which no just exception can betaken, have determined this Ksue of fact in favor of the will; and we cannot say, in view of all the evidence, that they have come to an erroneous conclusion.
His honor, the circuit judge, having a nearer and more distinct view of the facts, as they appeared on the trial before him, and of the weight and value of the evidence adduced, than we can possibly have through the medium of a bill of exceptions, having refused a new trial, the case should be a strong one against the verdict, to authorize this court to disturb it; and such is not the present case.
2. The widow of the deceased was offered by the contestant as a witness, to establish the alledged insanity of her husband, by proof of his “conduct and conversation,” during the existence of the marriage relation. It was admitted that she had dissented from the will, and had no actual interest in the issue between the parties. The court held, and we think very properly, that she was an incompetent witness.
Subject to certain well known exceptions, having relation to the personal security and protection of the wife; the general rule unquestionably is, that neither the husband nor the wife is a competent witness for or against the other, in matters civil or criminal. In addition to the ground of interest and identity, there is a further objection to their competency, founded in social and moral considerations, of still greater weight. To enforce or permit the husband or wife, to publish and prove before the court, the conduct and conversation of the other, made known to the witness in the frankness and freedom of a confidential intercourse, so proper to this relation, would be, as we think, of injurious consequences to the happiness of families and the well being of society. Such a principle, in *567 its practical effect, would invade, in many cases, the sanctity of conjugal life, and draw from it, its most cherished secrets. And the consciousness that this might be done, would be productive of reserve, distrust and anxiety in the minds of persons sustaining this important relation.
We are not disposed, therefore, to follow the cases referred to by the counsel, in which this rule of the common law, founded in public interest and policy, has been relaxed or qualified. As, where it may seem to the court that the fact proposed to be proved, is not of a confidential nature; or, where the marriage relation no longer exists, by reason of a divorce or the death of one of the parties, and the witness is adduced to prove facts or admissions, that occurred during the marriage. We do not think that either of these exceptions to the rule, can be maintained, either upon principle or authority.
In Monroe vs. Tusislelon, Peake’s Ev. app. 29, Lord Alvanly states the rule with clearness and precision: “To prove any fact arising after the divorce, the lady is a competent witness, but not to prove a contract or any thing else, which happened during the coverture. She was at the time bound to secrecy ; what she did might be in consequence of the trust and confidence reposed in her, by her husband.” From this, it may be inferred, that it is not material to enquire whether the matter proposed to be proved came to the knowledge of the wife by reason of the trust and confidence reposed in her by her husband; because, the law will presume the trust and confidence, from the relation existing between the parties.
In O'Conner vs. Marjorebanks, 4 Man. & Grainger, 440, the widow was held incompetent to prove certain facts, that occurred during her marriage, in a suit in which the representative of her deceased husband was a party. In delivering his opinion in the case, Maulé, J., after referring to the general rule, says; “that rule extends to this" case, for though the husband is dead, the reason for the rule applies as strongly as if he *568 were alive. It would just as much embarrass married persons, if they knew their communications might be divulged after the death of either party.”
In Stien vs. Bowman, 13 Peters R., 220, the principle excluding such evidence was carried still further. In that case the plaintiff having read the deposition of Francis Stuffle, deceased, in evidence, the defendant called the wife of the deceased to prove that her husband had been bribed to give evidence in the case, and that he admitted to her that he knew nothing of the facts he had stated. She was held to be an incompetent witness. This case differs from the former in the circumstance that her husband had no interest in the suit, but was merely a witness; and after his death his widow was offered to impeach the evidence he had given. The court intimate, that the death of the husband gave additional force and sanctity to the rule, and reject the evidence upon principle and considerations of public policy.
We do not deem it material to go into the discussion of conflicting authorities on this subject. We are satisfied that the witness was properly rejected.
Let the judgment be affirmed.