MOORE *v.* WALKER.

(*Knoxville,* September Term, 1941.)

Opinion filed November 29, 1941.

KILGO & ARMSTRONG, of Greenville, for appellant.

PHILLIPS & HALE, of Rogersville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree sustaining a demurrer to his bill the complainant has appealed to this court.

A bill was filed by complainant Keel Moore averring that by deed dated January 31, 1935, he became the owner of a certain tract of land in Greene County, pur-

chasing the same for a valuable consideration from his father, A. E. Moore. It is further averred that by proceedings had in a certain suit brought by defendant herein, John T. Walker, against complainant's father, A. E. Moore, to which this complainant was not a party, this land was sold and purchased by one Doug Moore. Such earlier proceedings were instituted after the deed was made to complainant by his father, the land being proceeded against in the earlier case as the property of complainant's father. It is charged that the judgment and sale in the former case were void as to this complainant, the defendant Doug Moore is now undertaking to possess said land adversely to the rights and title of complainant and an injunction is sought seeking to restrain said Moore from committing any waste on the land and complainant prays for general relief.

The record in the former case was filed as an exhibit to the present bill. The facts disclosed in the present bill and the record exhibited therewith are these:

As heretofore stated, A. E. Moore made the deed to the complainant Keel Moore on January 31, 1935. This deed, however, was not registered until February 7, 1935.

On February 5, 1935, John T. Walker filed his bill in the previous case. It was an attachment bill, it being averred that A. E. Moore was about fraudulently to dispose of his property. The tract of land here in controversy was particularly described in Walker's bill and an attachment was levied thereupon on the same day the bill was filed, to-wit, February 5, 1935, two days before the deed to the complainant was registered, February 7, 1935.

The summons issuing under Walker's bill against A. E. Moore was not served on the latter until February 9, 1935.

A stipulation of facts filed in the old case set out that the deed from A. E. Moore to complainant Keel Moore made on January 31, 1935, was *bona fide* and for a valuable consideration. It is accordingly urged that this stipulation demonstrated that there was no ground to support the attachment in the former case and the levy thereof was void, not binding on Keel Moore, no party to that cause.

▮▮▮ This argument is not sound. It is elementary that the ground of an attachment can only be challenged by a plea in abatement. Gibson's Suits in Chancery, section 884. A plea in abatement was filed in the old case but it was insufficient. The plea merely stated that defendant A. E. Moore "does not own the real estate described in the bill and did not own the same on the date when the attachment was issued and levied." The plea did not deny that A. E. Moore, in so far as the recorded title appeared, was the owner of the land. He might, as indicated by the plea, have sold the land and made a deed thereto prior to the filing of Walker's bill and the levy of the attachment, but until the deed witnessing this transaction had been recorded, A. E. Moore remained the owner of the land so far as Walker, his creditor, was concerned. The unrecorded deed was void and non-existent as to Walker. Code, section 7668.

The principal argument made for the complainant herein is that although his deed was not recorded until after Walker's bill was filed and the attachment was levied, the deed was recorded before the summons was served on A. E. Moore and the contention is that the lien of the attachment dates from the service of the summons, it being an ancillary attachment. We think this is a mistaken view.

Section 9458 of the Code is in these words: "Any transfer, sale, or assignment, made after the filing of an attachment bill in chancery, or after the suing out of an attachment at law, of property mentioned in the bill or attachment, as against the plaintiff, shall be inoperative and voidable, as elsewhere provided."

█ In the bill filed by Walker against A. E. Moore the property on which the attachment was levied was "mentioned" and particularly described. The bill filed by Walker was "an attachment bill." True summons was necessary and the suit could not have proceeded to final judgment without service of process on defendant A. E. Moore. Cases relied on by the complainant herein in this connection, namely, *Walker* v. *Cottrell*, 65 Tenn. (6 Baxt.), 257; *Barber* v. *Denning*, 36 Tenn. (4 Sneed), 267, and *Thompson* v. *Carper*, 30 Tenn. (11 Humph.), 542, merely hold that the service of a summons on defendant is necessary, not that the lien of the attachment dates from the service of the summons.

█ Construing section 9458 above quoted, this court has held in two well-considered cases that the lien of the attachment on property mentioned or described in an attachment bill takes precedence over a deed to that property made before, but not registered until after, the levy of the attachment. *Hervey* v. *Champion*, 30 Tenn. (11 Humph.), 569; *Sharp* v. *Hunter*, 47 Tenn. (7 Cold.), 389.

█ It is finally urged that the judgment in the former case was void because the officer levying the attachment did not go upon the land.

Section 9449 of the Code is in these words:

"The officer to whom the writ is delivered shall attach and take into his possession, in the first instance, so much of the personal property of the defendant as may be nec-

essary to meet the exigency of the writ, and shall levy the attachment, when necessary, upon the defendant's real estate."

It will be noticed that the officer is only required to take into his possession personal property of the defendant. The statute contains no such requirement as to the land.

In *Russell* v. *Stinson*, 4 Tenn. (3 Hayw.), 1, it was said:

"And here let us notice a difference between the sale of chattels and of lands; the former must be actually seized and shown to the bidder on the day of sale. Not so of the latter; for they are incapable of seizure and removal to the place of sale. A remainder or reversion may be sold, as well as a present possession, and these cannot be seized; therefore the sheriff need not enter upon them, nor make any actual seizure; he may return the lands which he has selected for advertisement and sale, and may sell them afterwards."

In *Burr* v. *Graves*, 72 Tenn. (4 Lea), 552, on page 556, following Freeman on Executions, section 230, this court expressly recognized that a paper levy on land was good. This seems to be the general rule. 4 Am. Jur. 900. In many jurisdictions statutes prescribe the manner in which a levy shall be made on real estate. 7 C. J. S., Attachment, section 227, p. 405. Our statute does not.

We find no error in the decree of the chancellor sustaining the demurrer herein and the same is affirmed.