In re BOAT LAND COMPANY, INC., Debtor.

WILLIAM LAMAR NEWPORT, Trustee, Plaintiff,

v.

STATE of TENNESSEE, DEPARTMENT OF REVENUE, Defendant.

Bankruptcy No. 391–09914–KL3–7. Adv. No. 393–0442A.

United States Bankruptcy Court, M.D. Tennessee.

June 28, 1994.

William Caldwell Hancock, Nashville, TN, for trustee.

Sharon K. Rupnik, Nashville, TN, for C.I.R.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether the Chapter 7 trustee's avoidance power under

11 U.S.C. § 545(2) defeats the State of Tennessee's perfected tax lien on personal property. The state's lien prevails. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

## I

Boat Land Company, Inc. is a Tennessee Corporation that engaged in business in Davidson County, Tennessee. Boat Land failed to pay sales and franchise taxes. On March 11, 1990 the Commissioner of Revenue filed a Notice of State Tax Lien against Boat Land with the Register of Deeds of Davidson County, Tennessee. Boat Land filed a voluntary Chapter 7 petition on October 15, 1991. The trustee seeks to avoid the state's lien pursuant to 11 U.S.C. § 545(2).[1]

## II

Tenn.Code Ann. § 67–1–1403(a) establishes a lien in favor of the state for unpaid taxes. This lien arises on the date of initial assessment and "shall attach to all interests in property, either real or personal, ... in this state then owned or subsequently acquired by the person against whom the assessment is made." Tenn.Code Ann. § 67–1–1403(a).

Tenn.Code Ann. § 67–1–1403(b) requires the recording of a notice of the state's lien:

The commissioner shall cause a notice of such lien to be recorded in the office of the county register of deeds in the county or counties in which the taxpayer's business or residence is located, or in any county in which the taxpayer has an interest in property, and such notice shall be recorded in the same manner as liens are recorded in that office.... Such recordation shall constitute notice of both the original assessment and all subsequent assessments of liability against the same taxpayer.

Recording a notice gives priority to the state's lien as follows:

The lien of the state of Tennessee for taxes ... shall be superior to all liens and security interests created under Tennessee law except:

(2) Deeds of trust which are recorded prior to the recordation of notice of the state lien;

(3) Security interests created pursuant to ... chapter 9 of the Uniform Commercial Code, which require filing for perfection and which are properly filed prior to recordation of the notice of the state lien;

(4) Security interests perfected under the Uniform Commercial Code without filing, as provided in § 47–9–302(1), which are properly perfected prior to recordation of the notice of the state lien; and

(5) Vendors' liens on real estate ... which are recorded prior to the recordation of notice of the state lien.

Tenn.Code Ann. § 67–1–1403(c).

This debtor failed to pay taxes. The Commissioner of Revenue filed notice of the resulting lien with the appropriate recording office in the county in which the debtor's business was located. The trustee does not claim entitlement to any exception to the priority of the state's lien under Tenn.Code Ann. § 67–1–1403(c).

The trustee argues that the Tennessee courts have limited the state's tax lien such that only personal property in the actual possession of the state as lienholder is beyond a bankruptcy trustee's avoidance powers under § 545(2). This argument finds support in Tennessee decisions interpreting a predecessor to Tenn.Code Ann. § 67–1–1403. Prior to 1969, tax liens on personalty were effected in Tennessee without recording. For example, the 1934 version of the tax lien statute provided:

The assessed taxes on all real estate, personalty, railroad, telegraph, and telephone, and other public service companies, and all

---

1. 11 U.S.C. § 545(2) states:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against

a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

damages and costs accruing thereon, shall be and remain a first lien upon such property, from the tenth of January of each and every year, for the taxes of that year. Tenn.Code Ann. § 1329 (1934).

When the "secret" lien of the state under prior law collided with the rights of bona fide purchasers without notice, the Tennessee courts concluded that the state's lien did not always defeat the rights of an "innocent" purchaser. *See Pope v. Knoxville Indus. Bank,* 173 Tenn. 461, 121 S.W.2d 530, 532 (1938); *Johnson City v. Press, Inc.,* 171 Tenn. 80, 100 S.W.2d 657, 659 (1937); *Edmonson v. Walker,* 137 Tenn. 569, 571–72, 195 S.W. 168, 172 (1917).

Between 1969 and 1978, the Tennessee legislature developed the current statutory scheme for recording tax liens.[2] Tenn.Code Ann. § 67–1–1403 is an exercise of the state's prerogative to give tax liens priority in personal property from the recording of notice of the lien in a local register's office. The trustee's arguments based on judicial interpretations of the superseded statute are fully resolved by the legislative changes in 1969 and 1978. Local filing under Tenn.Code Ann. § 67–1–1403 defeats a bankruptcy trustee's power under 11 U.S.C. § 545(2).

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that judgment is entered in favor of the defendant State of Tennessee.

IT IS SO ORDERED.

---

**2.** In 1969, the Tennessee legislature enacted legislation "to provide that all taxes, license fees and penalties and interest therefor assessed by the Commissioner of Revenue shall be a lien upon the property of the person liable therefor, and for the recording of a notice thereof." 1969 Tenn.Pub.Acts, Ch. 145 p. 415 (enacting Tenn. Code Ann. § 67–1808 (1976)). In 1978, the legislature repealed § 67–1808 and replaced it with a close relative of the current statute. *See* 1978 Tenn.Pub.Acts, Ch. 686, p. 421 (enacting Tenn. Code Ann. § 67–6046 (1978)).