# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 25, 2011 Session

## PEE WEE WISDOM CHILD DEVELOPMENT CENTER and VIVIAN BRAXTON v. ROBERT E. COOPER, JR. In his official capacity as Attorney General & Reporter for the State of Tennessee

### Extraordinary Appeal from the Chancery Court for Shelby County
### No. CH-02-1540-3     Walter Evans, Chancellor

---

### No. W2010-00484-COA-R10-CV - Filed February 14, 2012

---

This extraordinary appeal involves proceedings to dissolve a nonprofit corporation. After the case had been pending in the trial court for seven years, with a court-appointed receiver in control of the nonprofit corporation's assets, the trial court dismissed the case in its entirety based upon a motion to dismiss that was filed early in the proceedings but never heard. We conclude that the trial court erred in doing so, and therefore, we reverse and remand for further proceedings, to include an orderly winding up of the nonprofit corporation's affairs and a proper termination of the receivership when appropriate.

### Tenn. R. App. 10; Extraordinary Appeal; Judgment of the Chancery Court Reversed and Remanded

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., joined and HOLLY M. KIRBY, J., dissented.

Vivan J. Braxton, Germantown, Tennessee, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Associate Solicitor General, Michael A. Meyer, Deputy Attorney General, Nashville, Tennessee, for the appellee, Robert E. Cooper, Jr., Attorney General and Reporter

Robert A. Cox, Memphis, Tennessee, for the appellees, Robert Dinkelspiel, Indiv. and the Law Firm of Apperson Crump Maxwell, PLC

**OPINION**

**I.   FACTS & PROCEDURAL HISTORY**

Pee Wee Wisdom Child Development Center ("Pee Wee") was formed as a nonprofit public benefit corporation pursuant to the Tennessee Nonprofit Corporation Act, Tenn. Code Ann. § 48-51-101, *et seq*.  Pee Wee operated a child care center in Memphis and was very heavily subsidized by the State of Tennessee.  Pee Wee received payments directly from the State for tuition and food for the children.

Vivian Braxton was the incorporator and executive director of Pee Wee.  Around May of 2002, the Tennessee Attorney General opened an investigation of Pee Wee in order to determine whether Pee Wee or Ms. Braxton had violated the Nonprofit Corporation Act and whether grounds existed for dissolution of the nonprofit charter.[1]  The Attorney General indicated that he was considering bringing an action for judicial dissolution of Pee Wee, but before the Attorney General took such action, Ms. Braxton and Pee Wee (collectively, "Plaintiffs") instituted this case in the Chancery Court of Shelby County.  They styled their complaint as a "Verified Complaint for Declaratory Judgment, Equitable Relief and Alternative Relief," and they named the Attorney General as a defendant.  Among other things, Plaintiffs asked the court to approve certain "conflict of interest transactions" between Ms. Braxton and Pee Wee and to declare that the Attorney General lacked sufficient evidence to force an involuntary dissolution of Pee Wee.  The complaint also included a section entitled, "Application to Proceed with Voluntary Dissolution," in which Plaintiffs asked the court to supervise a *voluntary* dissolution of Pee Wee pursuant to Tennessee Code Annotated

---

[1]  A court of record with proper venue may dissolve a nonprofit corporation in a proceeding instituted by the Attorney General if it is established that the nonprofit corporation:

(A) Obtained its charter through fraud;
(B) Has exceeded or abused the authority conferred upon it by law;
(C) Has violated any provision of law resulting in the forfeiture of its charter;
(D) Has carried on, conducted, or transacted its business or affairs in a persistently fraudulent or illegal manner;
(E) Is a public benefit corporation and the corporate assets are being misapplied or wasted; or
(F) Is a public benefit corporation and is no longer able to carry out its purposes; provided, that the enumeration of these grounds for dissolution shall not exclude actions or special proceedings by the attorney general and reporter or other state officials for the dissolution of a corporation for other causes as provided in this chapter or in any other statute of this state[.]

Tenn. Code Ann. § 48-64-301(a)(1).

section 48-64-301.[2]  The complaint stated that a majority of the directors of Pee Wee had voted to voluntarily dissolve the nonprofit corporation, and that the directors had already filed Articles of Dissolution and Termination with the Tennessee Secretary of State and notified the Attorney General of their intent to dissolve Pee Wee.

Following a hearing on August 28, 2002, the trial court entered an agreed order appointing a receiver for Pee Wee and ordering Ms. Braxton to turn over all of Pee Wee's assets, books, and records to the receiver, Mr. Robert Dinkelspiel.[3]  The order authorized Mr. Dinkelspiel to take control of all assets of Pee Wee and present to the court a written report reflecting the existence and value of all receivership properties, liabilities, and any other information necessary to assist the court in administering the receivership.  The agreed order stated, "The Attorney General preserves his objections and defenses, including particularly those to subject matter jurisdiction, in personam jurisdiction and venue.  His counsel signs this Order only with consent to form."

The Attorney General filed a motion to dismiss the complaint on September 18, 2002, asserting that the Shelby County Chancery Court lacked subject matter jurisdiction over the causes of action and lacked in personam jurisdiction over the Attorney General.  The Attorney General contended that Plaintiffs could not bring a suit against the Attorney General under the Nonprofit Corporation Act or any other statute due to sovereign immunity.  He also asserted that venue was only proper in Davidson County and that the complaint failed to state a claim upon which relief could be granted.

On February 17, 2006, the receiver submitted his report and accompanying exhibits, which, together, comprised approximately five hundred pages, to the chancery court.  The receiver had marshaled Pee Wee's assets, reconfigured its bank accounts, and retained a certified public accountant to audit Pee Wee's books and records.  The receiver reported that Ms. Braxton had essentially operated Pee Wee as a sole proprietorship rather than a nonprofit corporation.  He found that she had misused corporate credit cards for personal items, used the nonprofit corporation's funds to improve another for-profit day care center that she operated, and charged rent to the nonprofit corporation in an amount that exceeded the fair

---

[2]  A court of record with proper venue may also dissolve a nonprofit corporation "[i]n a proceeding by the corporation to have its voluntary dissolution continued under court supervision."  Tenn. Code Ann. § 48-64-301(a)(4).

[3]  "A receiver is a neutral party appointed by the court to take possession of property and preserve its value for the benefit of the person or entity subsequently determined to be entitled to the property."  75 C.J.S. *Receivers* § 1 (2011).  A duly appointed receiver holds property *in custodia legis*, meaning, in custody or keeping of the law.  **Butcher v. Howard**, 715 S.W.2d 601, 604 (Tenn. Ct. App. 1986) (citing *Tradesman Publishing Co. v. Car Wheel Co.*, 95 Tenn. 634, 32 S.W. 1097 (1895)).

rental value of the property by $270,000.[4]  Although the receiver had withheld further rent payments from Ms. Braxton during the pendency of the receivership, he concluded that she still owed the corporation $296,190.50.  The report stated that Pee Wee's day care center had closed in 2004, and that the receiver had cash on hand of $186,589.18.  The report concluded by stating that there were several options for distributing Pee Wee's assets following liquidation, and it asked the court to consider those recommendations.[5]

The receiver subsequently filed a motion to approve his report.  At the hearing on the motion, counsel for the Attorney General appeared and urged the court to approve the receiver's report and the receiver's request for judgment against Ms. Braxton.  The chancery court entered an order approving the receiver's report and finding that Ms. Braxton had failed to perform her fiduciary duties as an officer and director of Pee Wee, failed to provide an accounting of Pee Wee's assets and funds, and failed to ensure that Pee Wee's resources were used for its charitable purposes.  The court entered a judgment against Ms. Braxton for $296,190.50, which she was ordered to pay to the receiver.  However, the court did not address the issue of how to distribute Pee Wee's assets following its liquidation.[6]

---

[4]  Two years before the report was filed, in 2004, Ms. Braxton pled guilty to one count of theft between ten and sixty thousand dollars, a Class C felony, in connection with her misuse of funds belonging to Pee Wee.  *See State v. Braxton*, No. W2004-02506-CCA-R3-CD, 2005 WL 3059435 (Tenn. Crim. App. Nov. 10, 2005).  She was sentenced to three years, with six months to be served in the county workhouse and the remainder suspended, and three years of probation to follow the confinement.  *Id.*  The criminal court also ordered Ms. Braxton to make restitution to the State of Tennessee "in an amount to be determined by the local Chancery Court," and the criminal court's order stated that it would serve as a lien on any monies collected by the receiver in chancery court.

[5]  Tennessee Code Annotated section 48-64-106 provides, in relevant part, that a dissolved corporation may carry on activities necessary to wind up and liquidate its affairs, including:

> (5) Transferring, subject to any contractual or legal requirements, its assets as provided in or authorized by its charter or bylaws;
> (6) If the corporation is a public benefit corporation, and no provision has been made in its charter or bylaws for distribution of assets on dissolution, transferring, subject to any contractual or legal requirement, its assets to:
> (A) One (1) or more persons recognized as exempt under Section 501(c)(3) of the Internal Revenue Code (26 U.S.C. § 501(c)(3)); . . . or
> (C) The state of Tennessee or any county, municipality, or political subdivision thereof[.]

[6]  After the judgment was entered against Ms. Braxton in chancery court, she filed a notice of appeal to this Court, along with numerous motions in the trial court.  This Court dismissed Ms. Braxton's appeal for lack of a final judgment, among other things.  After the chancery court denied Ms. Braxton's additional motions, she filed a second notice of appeal to this Court, and we again dismissed her appeal for lack of a final judgment due to the issues remaining regarding the winding up and dissolution of Pee Wee.

The trial court proceedings were later transferred to a different division of chancery court due to the retirement of the chancellor who originally presided over the case. Thereafter, Ms. Braxton apparently filed a motion in the chancery court seeking to have the judgment against her declared void. In response, on November 12, 2009, the Attorney General filed a motion to transfer the matter to Davidson County. The Attorney General contended that the chancery court had properly appointed the receiver and entered judgment against Ms. Braxton based on the receiver's report. However, the Attorney General argued that, "to the extent that [the chancery court] concludes that additional proceedings are warranted," the matter should be transferred to Davidson County due to the Shelby County court's lack of in personam jurisdiction over the Attorney General and due to improper venue. The Attorney General's motion noted that it had raised these issues in its original motion to dismiss in 2002, which had never been addressed by the chancery court. However, the Attorney General contended that it was in the interest of justice for the matter to be transferred rather than dismissed, as it had originally requested, due to the likelihood that Ms. Braxton would raise various defenses if the matter was dismissed and then re-filed in Davidson County.

Ms. Braxton filed a motion in opposition to the proposed transfer, asserting that the Attorney General had waived any objection to venue or personal jurisdiction by participating in the lawsuit for over seven years. However, she contended that if the court dismissed the matter for lack of subject matter jurisdiction, as raised in the Attorney General's original motion, then all of the chancery court's prior orders regarding the receivership and the judgment against her should be declared void, and the parties should be returned to the position they occupied before the lawsuit by returning the assets and cash held by the receiver.

On January 27, 2010, the chancery court entered an order dismissing the case "in its entirety" without prejudice "for all the reasons set forth in the Attorney General's Motion to Dismiss" that was filed in 2002, including lack of subject matter jurisdiction, lack of in personam jurisdiction, improper venue, and failure to state a claim. The order stated that "the Shelby County Chancery Court is not the proper venue in which to sue the State's Attorney General – as the sole Defendant – for any of the alleged causes of action contained in said Original Complaint[.]" In sum, the court granted the Attorney General's 2002 motion to dismiss and denied its 2009 motion to transfer.

Ms. Braxton again filed a notice of appeal to this Court, but she later sought to have it dismissed, claiming that the order appealed was not a final judgment because it did not address the discharge of the receiver, a final accounting, or the distribution of the receivership assets. According to Ms. Braxton's filings on appeal, it appears that Pee Wee's assets remain in the hands of the receiver. The Attorney General opposed dismissal of the

appeal because it wished to raise issues on appeal regarding the chancery court's decision to dismiss the matter rather than transfer it to Davidson County. This Court entered an order in which we recognized that the status of the receivership presents problems regarding the finality of the order appealed. However, we also recognized that there have been extensive and lengthy proceedings in the trial court, in addition to two previous appeals to this Court that were dismissed for lack of a final judgment. As such, we concluded that the public interest in addressing this matter compels us to address the issues of this appeal. Pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, this Court waived the procedural requirements for obtaining extraordinary appellate review and assumed jurisdiction of this matter pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. However, our order stated that the issues on appeal would be limited to "whether the trial court erred in dismissing the case and in declining to transfer the matter to Davidson County[.]"

## II. DISCUSSION

On appeal, both parties agree that the claims that were set forth in Plaintiffs' original complaint regarding declaratory and injunctive relief were properly dismissed.[7] Thus, we will not consider the trial court's dismissal of those claims. However, Plaintiff's complaint also asked the court to supervise a voluntary dissolution of Pee Wee, and the receivership was still pending when the trial court entered its order dismissing the case "in its entirety." We find that none of the grounds stated in the trial court's order support the trial court's dismissal of the dissolution proceeding and receivership.

As previously mentioned, the Nonprofit Corporation Act provides, with regard to dissolution proceedings, that "[a]ny court of record with proper venue in accordance with § 48-64-302(a) may dissolve a corporation . . . [i]n a proceeding by the corporation to have its voluntary dissolution continued under court supervision." Tenn. Code Ann. § 48-64-301(a)(4). The Act further provides that "[a] court of record having equity jurisdiction in a judicial proceeding brought to dissolve a corporation may appoint one (1) or more receivers to wind up and liquidate . . . the affairs of the corporation." Tenn. Code Ann. § 48-64-303(a). Pursuant to these statutes, we find that, if the trial court had proper venue in accordance with section 48-64-302(a), then the trial court had subject matter jurisdiction to supervise the dissolution of Pee Wee, and it was also authorized to appoint a receiver to wind

---

[7] Ms. Braxton's brief on appeal states that she "does not address or appeal the trial court's dismissal of the declaratory judgment issues." She and the Attorney General both agree that the claims for declaratory and injunctive relief were rendered moot by her subsequent theft conviction. The Attorney General's brief describes the present posture of this case as "an action for liquidation of a nonprofit corporation in which a receiver has been appointed," and "issues concerning [the] proper disposition of Pee Wee's assets still remain to be addressed."

up and liquidate Pee Wee's affairs.

Now, we must address the issue of venue. As stated above, section 48-64-301(a) provides that "[a]ny court of record with proper venue in accordance with § 48-64-302(a) may dissolve a corporation . . . [i]n a proceeding by the corporation to have its voluntary dissolution continued under court supervision." The referenced section regarding venue, § 48-64-302(a), provides as follows:

> (a) Venue for a proceeding by the attorney general and reporter to dissolve a corporation lies in Davidson County. Venue for a proceeding brought by any other party named in § 48-64-301 lies in the county where a corporation's principal office (or, if none in this state, its registered office) is or was last located.

Pursuant to this statute, then, venue was proper in Shelby County, as it was the location of Pee Wee's principal office, and this proceeding was brought by the nonprofit corporation. The Attorney General argues that because the Nonprofit Corporation Act authorizes the Attorney General to bring suits in Davidson County, and it also authorizes the Attorney General to intervene as of right in actions filed by other parties, then when the Attorney General chooses to intervene in such an action, the legislature intended to give the Attorney General the right to choose whether a case filed elsewhere should be transferred to Davidson County. The Attorney General argues that "transfer to Davidson County should therefore be mandatory if the Attorney General seeks such a change of venue." We simply cannot agree with the Attorney General's characterization of the legislature's intent. The Act clearly gives the Attorney General the right to intervene in proceedings instituted by other parties:

> (a) The attorney general and reporter shall be given notice of the commencement of any proceeding which [the Nonprofit Corporation Act] authorize[s] the attorney general and reporter to bring but which has been commenced by another person.
>
> (b) Whenever any provision of [the Act] requires that notice be given to the attorney general and reporter or permits the attorney general and reporter to commence a proceeding:
> (1) If no proceeding has been commenced, the attorney general and reporter may take appropriate action including, but not limited to, seeking injunctive relief;
> (2) If a proceeding has been commenced by a person other than the attorney general and reporter, the attorney general and reporter, as of right, may intervene in such proceeding.

-7-

Tenn. Code Ann. § 48-51-701. Despite this right of intervention, however, there is no provision or even implication in the Act that it is "mandatory" for a trial court to transfer the action to Davidson County upon such intervention. Instead, the Act clearly states, "Venue for a proceeding brought by any other party . . . lies in the county where a corporation's principal office (or, if none in this state, its registered office) is or was last located." Tenn. Code Ann. § 48-64-302. We will not read a "mandatory" rule into the Act where none exists. If the legislature had intended to create such a right for the Attorney General, it could have done so explicitly. Thus, we conclude that the Shelby County Chancery Court was the proper venue for the dissolution proceeding filed by Pee Wee, and the Court also possessed subject matter jurisdiction over the action.

The trial court's order dismissing the entire case also stated that it was based upon a lack of in personam jurisdiction over the Attorney General. The Attorney General was named as a defendant in the original complaint, which included several claims for declaratory and injunctive relief in addition to the "Application to Proceed with Voluntary Dissolution." However, the Nonprofit Corporation Act does not require that the Attorney General be named as a party in a proceeding to dissolve a nonprofit corporation. *See* Tenn. Code Ann. § 48-64-302(d) ("A person other than the attorney general and reporter who brings an involuntary dissolution proceeding for a public benefit corporation shall forthwith give written notice of the proceeding to the attorney general and reporter who *may* intervene.") (emphasis added). Such a proceeding can be instituted by the corporation itself.[8] Because it was not necessary to name the Attorney General as a defendant for purposes of the application to proceed with dissolution, and this case, in its present posture, does not seek relief against the Attorney General, we conclude that it was not necessary for the trial court to have in personam jurisdiction over the Attorney General in order to proceed with the dissolution proceeding. Accordingly, the court erred in dismissing the dissolution proceeding for lack of in personam jurisdiction over the Attorney General. Furthermore, we direct the trial court on remand to enter an order dismissing the Attorney General from this lawsuit in his capacity as a named defendant, although the Attorney General should be permitted to continue participating in the case, if he elects to do so, due to the Attorney General's right to intervene in a dissolution proceeding. *See* Tenn. Code Ann. § 48-64-302(d).

To the extent that the trial court's order can be construed as dismissing the application

---

[8] The Attorney General correctly notes that there is nothing in the Nonprofit Corporation Act that provides for the Attorney General to be named as a party defendant in a dissolution suit. The Act simply requires notice to the Attorney General and provides that the Attorney General may intervene. Tenn. Code Ann. § 48-64-302(d). The Act does not expressly state that dissolution suits can proceed without a named defendant, but it does state that "[i]t is not necessary to make directors or members parties to a proceeding to dissolve a corporation unless relief is sought against them individually." Tenn. Code Ann. § 48-64-302(b).

to proceed with dissolution for failure to state a claim, we find that the court erred in doing so, as Pee Wee's complaint properly stated a claim to have its voluntary dissolution continued under court supervision.

Finally, the Attorney General argues that the trial court should have transferred this matter to Davidson County pursuant to Tennessee Code Annotated section 16-1-116, which provides that when a court "determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed." Because we find that the trial court did not lack jurisdiction over the dissolution proceeding and pending receivership, it is not necessary for us to consider this statute.[9] In sum, we find no error in the trial court's decision to deny the Attorney General's motion to transfer.

### III.  CONCLUSION

For the aforementioned reasons, we reverse the chancery court's decision to dismiss the dissolution proceeding and receivership, and we remand for further proceedings, to include an orderly winding up of the affairs of the nonprofit corporation and a proper termination of the receivership. The trial court should also dismiss the Attorney General from this lawsuit in his capacity as a named defendant. Costs of this appeal are taxed in equal proportions to the appellant, Vivian Braxton, and to the Office of the Attorney General.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[9] The Attorney General cited several reasons why it would not serve the interest of justice for the case to be dismissed and then re-filed. For example, he claimed that Ms. Braxton could attempt to regain control of Pee Wee's assets in the interim. However, the concerns expressed in the Attorney General's brief are no longer present in light of our reversal of the trial court's dismissal of the action.